IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIAM SCOTT BELL                                        PLAINTIFF

VERSUS                           CIVIL ACTION NO. 5:10-cv-166-DCB-JMR

M.D.O.C., CHRISTOPHER EPPS,
WILKINSON COUNTY CORRECTIONAL FACILITY,
DISCIPLINARY OFFICER LINDSEY, and WARDEN BANKS        DEFENDANTS

MEMORANDUM OPINION and ORDER

This matter is before the court, sua sponte, for consideration of dismissal.  The plaintiff, an inmate at the Wilkinson County Correctional Facility, Woodville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 on October 26, 2010.  The named defendants are M.D.O.C., Christopher Epps, Wilkinson County Correctional Facility, Disciplinary Officer Lindsey, and Warden Banks.  The plaintiff is requesting that the Rule Violation Report #1072591, which is the reason for this civil action, be expunged from his prison record and that he be awarded monetary damages.

Background

The plaintiff complains that he was issued Rule Violation Report #1072591 for destruction of state property on February 2, 2010.  The plaintiff states that he was accused of jamming the lock on the door to his cell and leaving his cell after lockdown. According to the complaint, plaintiff claims he never left his cell, but instead it was his roommate who left the cell.

As directed by the order [6] entered on November 16, 2010, the plaintiff filed a response [10] providing additional information concerning his claim.  The plaintiff states in his response [10] that he was found guilty of Rule Violation Report #1072591 and received as punishment 30 days loss of canteen or 30 days loss of phone privileges or 30 days loss of visitation. The plaintiff further contends in his response [10] that defendant Lindsey conducted the plaintiff's disciplinary hearing and found him guilty in spite of him testifying that he did not jam the locking device and asking that defendant Lindsey review the tape of the camera which is in place at the facility.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted in forma pauperis status, § 1915(e)(2) applies to the instant case.  As discussed below, the plaintiff's § 1983 action is frivolous because it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner.  Id. at 478.  The United States Court of Appeals for the Fifth Circuit has found that privileges being revoked for 30 days do not implicate due process concerns and "do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997); see also Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).  Therefore, the plaintiff cannot maintain the instant § 1983 civil action.

### Conclusion

As stated above, the plaintiff's allegations do not implicate due process concerns.  Therefore, the instant civil action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and will count as a strike pursuant to 28 U.S.C. § 1915(g).

A final judgment in accordance with this memorandum opinion and order will be entered.

THIS the <u>21st</u> day of February, 2011.

<u>S/David Bramlette</u>
UNITED STATES DISTRICT JUDGE